972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey DRAKE, Defendant-Appellant.
 No. 91-50594.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Drake appeals from his conviction, following entry of a conditional guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a). Drake contends that the district court erred by denying his motion to suppress evidence. He argues that the district court erroneously held that his encounter with police was not an arrest, and that the arrest was not supported by probable cause. Alternatively, he contends that the officers lacked founded suspicion for an investigatory stop. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 The relevant facts are not in dispute. On April 12, 1991, Anaheim Police Investigators Wuest and Garrison received a radio call informing them that the First Interstate Bank on Anaheim Boulevard had been robbed by a white male in his early twenties, who was of medium height with shoulder length brown hair and had been wearing a hat, leather jacket, and sunglasses. En route to the bank, the investigators were told that the robber had threatened to use a gun and had left the bank carrying a hidden electronic tracking device. Assisted by officers in a police helicopter equipped with a receiver for the tracking device, Wuest and Garrison followed the signal to the area at or near 215 South Margate Avenue, in a predominantly Hispanic residential neighborhood near the bank. As they drove by this address, Investigator Wuest saw Drake, a white male who matched the description of the robber although he was not wearing the hat, jacket, or sunglasses. Wuest observed that Drake appeared to be trying to conceal himself behind shrubbery in front of the porch. Suspecting that this man might be the robber, the investigators stopped their car and approached him with their guns drawn. After being informed that Wuest and Garrison were investigating a bank robbery, Drake told them that the money was concealed in his pants and that he did not have a weapon. He was subsequently searched and arrested.
 
 
 4
 The district court found that the officers' initial detention of Drake did not amount to an arrest and was supported by sufficient reasonable suspicion to justify an investigatory stop. We agree.
 
 
 5
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Flippin, 924 F.2d 163, 164 (9th Cir.1991) Similarly, we review de novo whether a detention amounted to an arrest or an investigatory stop, and whether there was reasonable suspicion to justify an investigatory stop. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991).
 
 I. Investigatory Stop
 
 6
 "In determining whether an official detention has ripened into an arrest, we consider the 'totality of the circumstances.' " United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990) (quoting United States v. Baron, 860 F.2d 911, 914 (9th Cir.1988), cert. denied, 490 U.S. 1040 (1989)). A police officer may take "reasonable measures" to neutralize the risk of harm from a potentially armed suspect. United States v. Alvarez, 899 F.2d 833, 838 (9th Cir.), cert. denied, 111 S.Ct. 671 (1991). We have held that " 'the use of force does not convert the [investigatory] stop into an arrest if it occurs under circumstances justifying fears of personal safety,' " and have noted several times that the display of weapons will not necessarily convert a stop into an arrest. Id. (quoting United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987)); accord Harrington, 923 F.2d at 1373 (use of force during an investigatory stop may be justified by concern for the safety of the officer or others).
 
 
 7
 Drake contends that Wuest and Garrison had no reason to believe he might be armed and that therefore, because the investigators approached him with drawn weapons, he was under arrest from the beginning of the encounter. This contention lacks merit. The investigators knew that the bank robber had threatened to use a firearm during the robbery. They were not required to ascertain that the robber had actually displayed or used a firearm before taking precautions to protect themselves. Thus, the investigators' mere display of weapons did not transform the stop into an arrest. See Harrington, 923 F.2d at 1373; Alvarez, 899 F.2d at 838.
 
 II. Founded Suspicion
 
 8
 Drake further contends that the investigators lacked founded suspicion to detain him. This contention lacks merit.
 
 
 9
 An investigatory stop must be justified by " 'some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.' " Alvarez, 899 F.2d at 836 (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). " '[T]he totality of the circumstances--the whole picture--must be taken into account.' " United States v. Thomas, 844 F.2d 678, 681 (9th Cir.1988) (quoting Cortez, 449 U.S. at 417)). Race can be a permissible factor in the decision to make an investigatory stop, although it cannot by itself justify the stop. Id., 844 F.2d at 682 n. 5.
 
 
 10
 Here, the investigators offered the following factors in support of their decision to detain Drake: (1) his physical appearance matched the description given by the robbery victims; (2) he was a Caucasian individual in a predominately Hispanic neighborhood; (3) he appeared to be trying to conceal himself on the porch; (4) he was seen very close to the robbery location; and (5) the electronic tracking device was emitting a signal from the immediate area in which he was found. Based on the totality of these circumstances, founded suspicion supported the investigators' decision to stop Drake. See Thomas, 844 F.2d at 681-83.
 
 
 11
 Therefore, the district court did not err by denying Drake's motion to suppress evidence. See Flippin, 924 F.2d at 167.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3